IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SEAN BLAKE BILLINGSLEY,

        Petitioner,

v.

ISRAEL JACQUEZ,

        Respondent.

Case No. 3:23-cv-01445-SI

OPINION AND ORDER

Sean Blake Billingsley
22362-026
FCI Sheridan Camp
Inmate Mail/Parcels
P.O. Box 6000
Sheridan, OR 97378

        Petitioner, *Pro Se*

Natalie Wight
United States Attorney
Michael James Jeter, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging a decision by the Bureau of Prisons ("BOP") denying him earned time credits under the First Step Act ("FSA") as well as a sentence reduction following his successful completion of the Residential Drug Abuse Program ("RDAP"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

Petitioner is currently in BOP custody at the Satellite Prison Camp in Sheridan, Oregon serving a 48-month sentence following his convictions in the Central District of Illinois for possession with intent to distribute at least 50 kilograms of marijuana and possession of a firearm in furtherance of drug trafficking. On June 1, 2021, the BOP's automated system found Petitioner ineligible to receive earned time credits under the FSA because he had committed a disqualifying offense.[1] Specifically, it concluded that because he had been convicted of unlawful possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 3632(d)(4)(D)(xxii) precluded him from earning time credits under the FSA. Declaration of Benjamin Brieschke, ¶ 5. BOP personnel manually confirmed that automated decision on or about June 23, 2021. *Id*.

Thereafter, Petitioner entered RDAP, prompting the BOP to review him for eligibility for RDAP's early release benefit under 18 USC 3621(e). On October 25, 2022, the BOP found him

---

[1] Prisoners who are designated as either minimum or low risk of recidivism are eligible for earned time credits provided that they complete eligible recidivism reduction programs. 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5); 28 CFR § 523.542. Prisoners deemed to pose medium or high risks of recidivism are still permitted to accrue earned time credits, but are excluded from utilizing those credits to accelerate their release from prison until they achieve a low or minimum PATTERN score. 18 U.S.C. §§ 3624(g), 3632(d)(5); CFR 523.544.

2 - OPINION AND ORDER

to be ineligible for the early release benefit because his offense involved the carrying, use, or possession of a firearm and presented a "serious potential risk of physical force against the person or property of another."[2] 28 C.F.R. § 550(b)(5)(ii), (iii); Brieschke Declaration, ¶5. Petitioner went on to successfully complete RDAP on September 15, 2023. Brieschke Declaration, Exhibit B (7-2), p. 1.

On October 4, 2023, Petitioner filed this 28 U.S.C. § 2241 habeas corpus case wherein he challenges the BOP's eligibility determinations with respect to both the FSA time credits as well as the early release benefit associated with RDAP. Respondent asks the Court to deny relief on the Petition because: (1) the BOP's decision on the early release benefit associated with Petitioner's participation in RDAP was a discretionary one which the Court lacks jurisdiction to review; and (2) the BOP properly determined that Petitioner is disqualified from receiving FSA time credits, thus he fails to state a cognizable claim for habeas corpus relief. Although Petitioner's supporting memorandum was due February 12, 2024, he has not filed such a brief or otherwise addressed Respondent's arguments.

## DISCUSSION

### I.  FSA Time Credits

Petitioner contends that he should be eligible to earn time credits under the FSA because his possession of a firearm while distributing marijuana is a non-violent firearms offense.

---

[2] Pursuant to 18 U.S.C. § 3621(e)(2)(B), only individuals convicted of a non-violent offense and who successfully complete RDAP are eligible for the one-year sentence reduction. Where the statute does not define what constitutes a non-violent offense, the BOP promulgated 28 C.F.R. § 550(b)(5)(ii) and (iii) which categorically exclude incarcerated persons from the RDAP early release benefit if their offenses "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," and is conduct that "by its nature ... presents a serious potential risk of physical force against the person of property of another."

3 - OPINION AND ORDER

However, the FSA specifically states that prisoners who unlawfully possess a firearm during and in relation to any drug trafficking crime (without any consideration for violence) are ineligible for earned time credits. 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, the BOP properly disqualified Petitioner from accruing time credits under the FSA.

Petitioner also asserts that the BOP is treating similarly situated prisoners differently, allowing them to accrue FSA time credits despite having committed identical or nearly identical crimes. The Equal Protection Clause protects similarly situated persons from unequal treatment. *City of Cleburne, Tx. v. Cleburne Living Center*, 473 U.S. 432, 439 (1979). A petitioner can establish an equal protection violation if he shows either: (1) purposeful discrimination against him based upon his membership in a protected class; or (2) he was treated differently than similarly situated individuals where there was no rational basis to do so, or any rational relationship to a legitimate governmental purpose. *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Petitioner alleges that "[s]imilarly situated individuals have received (and continue to receive) First Step Act Time Credits with the same conviction as Petitioner." Petition (#1), p. 8. He provides a specific example in the form of another prisoner who, according to Petitioner, is accruing earned time credits under the FSA despite having the "same conviction" on his record that the BOP is using to render Petitioner ineligible for such credits. Contrary to Petitioner's representations, however, the Adult in Custody he identifies was not convicted of possession of a firearm in the furtherance of a drug trafficking crime. *Compare* Brieschke Declaration ¶ 5 *with* Supplemental Declaration of Benjamin Brieschke ¶¶ 4-7. The two are therefore not similarly situated, and Petitioner cannot prevail on his equal protection claim.

4 - OPINION AND ORDER

## II. Denial of Early Release RDAP Benefit

Petitioner asserts that although the BOP precluded him from early release under RDAP due to the violent nature of his conviction, the Supreme Court ruled in *United States v. Taylor,* 142 S.Ct. 2015 (2022), that simple possession of a firearm does not constitute a violent offense. He concludes that the Supreme Court's decision in *Taylor* shows that the BOP's decision in his case was arbitrary, and he asks this Court to extend the § 3621(e) early release benefit to him.

The Court lacks jurisdiction to review individualized determinations of this nature. *See* 18 U.S.C. § 3625; *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011). Although prisoners can challenge broader, systemic issues as violative of the Constitution or exceeding the BOP's statutory authority, *Reeb*, 636 F.3d at 1228, Petitioner makes no such challenge here. Even if he did, and further assuming the Court had jurisdiction to adjudicate the claim, Petitioner would not be entitled to relief. His reliance upon *Taylor* is misplaced because that case involved an interpretation of attempted Hobbs Act robbery for purposes of a sentencing enhancement under the Armed Career Criminal Act; it did not address Petitioner's situation involving early discretionary release pursuant to 18 U.S.C. § 3621(e). Moreover, the Supreme Court has upheld the validity of the regulatory framework which excludes prisoners with firearms offenses from RDAP early release eligibility. *See Lopez v. Davis,* 531 U.S. 230 (2001). Habeas corpus relief is therefore not appropriate.

///

///

///

///

5 - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

 April 25, 2024 
 DATE                                              Michael H. Simon
                                                   United States District Judge